**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.5:25CR309** |
| | ) | |
| | ) | |
| **Plaintiff** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **YOUSIF ABDULRAOUF ALHALLAQ,** | ) | **ORDER ON MOTIONS IN LIMINE** |
| | ) | |
| | ) | |
| **Defendant** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the United States' Omnibus Motion in Limine (ECF # 44) and Motion to Strike (ECF # 45) and Defendant Yousif Adbulraouf Alhallaq's Motion to Exclude Witness at Trial. (ECF # 46). The Court's ruling is as follows:

On June 25, 2025 the United States issued a two count Indictment against Defendant.

Count 1:

Between on or about November 27, 2017, and May 4, 2018, in the Northern District of Ohio, Eastern Division, YOUSIF ABDULRAOUF ALHALLAQ, while a native of Kuwait and citizen of Jordan, did knowingly procure his naturalization as a United States citizen contrary to law, by making material misrepresentations causing his acquisition of citizenship, that is, Defendant made material false statements on a Form N-400 Application for Naturalization that he mailed on or about November 27, 2017, and was considered filed on or

about December 1, 2017, by answering "no" to questions 14C, which asked, "Were you ever involved in any way with any of the following: ... (C) Killing, or trying to kill, someone?"; 14D, which asked, "Were you ever involved in any way with any of the following:[ ... ] (D) Badly hurting or trying to hurt a person on purpose?"; and 22, which asked, "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?", when in fact Defendant then well knew at the time of his application that on or about December 21, 2014, he had committed acts of Attempted Murder under Ohio Revised Code, Sections 2923.02/2903.02(A), and Felonious Assault under Ohio Revised Code, Section 2903.1l(A)(l), for which he was subsequently convicted in the Stark County, Ohio Court of Common Pleas, Case, Case No. 2021CR0567, on or about September 20, 2021.

Count 2:

Defendant made material false statements during his interview on or about March 27, 2018, by verbally confirming his "no" answers to questions 14C, which asked, "Were you ever involved in any way with any of the following: Killing, or trying to kill, someone?"; 14D, which asked, "Were you ever involved in any way with any of the following: Badly hurting or trying to hurt a person on purpose?"; and 22, which asked, "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?", when in fact Defendant then well knew at the time of the interview that on or about December 21, 2014, he had committed acts of Attempted Murder under Ohio Revised Code, Sections 2923.02/2903.02(A), and Felonious Assault under Ohio Revised Code, Section 2903.1l(A)(l), for which he was subsequently convicted in the Stark County, Ohio Court of Common Pleas, Case, Case No. 2021CR0567, on or about September 20, 2021.

Because Defendant had concealed his conduct, on May 6, 2018, Defendant became a naturalized United States Citizen.

## STANDARD OF REVIEW

### Motions in Limine

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.,* 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)). A "motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White,* 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States,* 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 R.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank,* No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011). It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at

trial. *Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

**Motion to Strike**

The Indictment charges Defendant with multiple means of committing naturalization fraud in that it alleges false statements in response to three different questions contained on the N-400 naturalization application and asked during the naturalization interview.

As found in the Indictment's General Allegations the United States moves to strike Paragraphs 4 and 5. It further moves to strike Paragraph 5 from Count One and Paragraph 12 from Count Two. The United States no longer intends to prove Defendant's guilt on the charged offenses based on his response to Question 14C which reads: "Were you EVER involved in any way with any of the following: Killing or trying to kill someone?" Thus, the United States seeks only to strike one of the multiple means of committing the offense alleged in the Indictment.

Defendant opposes the Motion contending the United States cannot use a Motion to Strike to alter or amend an Indictment but must instead return to the Grand Jury to amend the same.

**Ruling:** The Motion is GRANTED.

In *U.S. v Miller* 471 U.S. 130 (1985) the Supreme Court held that "as long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment

alleges more crimes **or other means of committing the same crime**." Citing U.S.C.A. Const. Amend. 5. (Emphasis added). "'A redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains.' " *United States v. Green,* 842 F.3d 1299, 1309 (11th Cir. 2016) (quoting *United States v. Adkinson,* 135 F.3d 1363, 1376 (11th Cir. 1998)).

"The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001). "Such a motion should be granted only where it is clear that the allegations contained in the Indictment are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Johnson*, 256 F. Supp. 3d 755, 759 (M.D. Tenn. 2017) citing *United States v. O'Connor,* 656 F.3d 630, 645 (7th Cir. 2011); *United States v. Brye,* 318 Fed.Appx. 878, 880 (11th Cir. 2009); *United States v. DeRosier,* 501 F.3d 888, 897 (8th Cir.2007).

In *Salinger v. United States*,272 U.S. 542, 548–9 (1926), the Supreme Court explicitly held that where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment. "A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored." *United States v. Glynn,* No. 3:13-00059, 2017 WL 816826, at *3 (M.D. Tenn. Mar. 2, 2017).

**Omnibus Motion in Limine**

**A) Motion in Limine to Exclude Defendant's experts from presenting evidence at trial.**

1) The United States seeks to exclude Defendant's expert, Dr. Scott Perry, from testifying

at trial that the drug mifepristone does not cause birth defects. The United States contends that such testimony is irrelevant because the United States will not argue at trial that Defendant's child's disabilities were caused by Defendant's alleged attempt to induce an abortion by putting mifepristone into his then girlfriend's oatmeal without her knowledge.

Ruling: the Motion is GRANTED.

The cause of Defendant's child's disabilities are not at issue in the upcoming trial. However, as a result of this ruling the Court also holds that the United States may not offer into evidence Defendant's subjective opinion that mifepristone caused the child's disabilities. The Court orders the United States to redact any such references from the recording of the conversations between Tana Ely and Defendant.

2) The United States further seeks to exclude Defendant's expert, Dr. Abdel Ali, from testifying on the Islamic understanding of when life begins. According to the United States, such testimony is irrelevant as it has moved to strike all references in the Indictment to Defendant's purportedly false statements about killing or attempting to kill the couple's unborn child. As a result, Defendant's understanding of when life begins has no relevance to the matters to be tried.

Ruling: the Motion is GRANTED.

**B) Motion to Exclude Defendant's Self Serving Statements as Hearsay**

The United States further moves to exclude Defendant's statements as captured on the recording between Defendant and his then girlfriend, Tana Ely, because Defendant will be present at trial and must testify to them personally. If he does not take the stand such statements will be hearsay and there is no hearsay exception that applies.

Defendant argues that Fed. R. Evid. 106 expressly permits such statements over hearsay

objections.

Ruling: the Motion is DENIED.

Fed. R. Evid. 106, as amended effective December 1, 2023, reads:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

Thus, by its express terms FRE 106 permits a party to introduce completing statements over a hearsay objection where fairness requires. "Whenever one party introduces 'all or part of a statement" at trial, Rule 106 allows an adversary to contemporaneously introduce 'any other part—or any other statement—that in fairness ought to be considered at the same time.'" *United States v. Sherman,* 168 F. 4th, 417, 428 (6th Cir. 2026) citing FRE 106. The Sixth Circuit has read the rule's "fairness" language to describe the need "to correct a misleading impression created by the introduction of part of a writing or conversation" by placing "the admitted portions in proper context." *United States v. Holden,* 557 F.3d 698, 705 (6th Cir. 2009).

**C) That the Court make a pretrial evidentiary ruling that if the Defendant testifies the government may cross-examine him as to the source of the mifepristone he used, and that the Defendant may not properly invoke his Fifth Amendment right against self-incrimination to refuse to answer those questions**.

Ruling: The Motion is DENIED at this time subject to revisiting at trial based on the evidence. The Motion is based on a speculative outcome that is more appropriately addressed at trial should Defendant take the stand.

**Defendants Motion to Exclude Witness at Trial.**

Defendant moves to exclude Tana Ely from testifying at trial pursuant to FRE 403 because "the probative value of Ms. Ely's testimony will be substantially outweighed by the danger of unfair prejudice, mislead the jury, and needlessly presenting cumulative evidence."

Ruling: The Motion is DENIED.

Ely's testimony is relevant to the truthfulness of Defendant's statements on N-400 application and his responses to the naturalization interview. Moreover, the Court as gatekeeper is competent to keep out irrelevant, prejudicial or inflammatory testimony during the course of the trial.

Therefore, for the foregoing reasons the Court GRANTS in part and DENIES in part the United States' Omnibus Motion in Limine (ECF # 44), GRANTS the Motion to Strike (ECF # 45) and DENIES Defendant Yousif Adbulraouf Alhallaq's Motion to Exclude Witness at Trial. (ECF # 46).

As a result, the parties' proposed Jury Instructions will not include any reference to Question 14C, nor will the Magistrate Judge or the parties reference Question 14C during any portion of the trial. Further, the parties shall confer and submit to the Court, in accordance with the Trial Order, a joint summary of the Indictment that does not include Question 14C language.

**IT IS SO ORDERED.**

**DATE: 09/03/2026**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**